UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANEY SALGADO,<br><br>         Plaintiff,<br><br>v.<br><br>JON QUICK; RICHARD MONTES; and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No.: 21cv600-MMA (NLS)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER <u>AS MODIFIED BY THE COURT</u>**<br><br>**[ECF No. 8]** |

  The Court having read the parties' Joint Stipulated Motion for Protective Order (ECF No. 8), finding no objection and good cause appearing,

  **IT IS HEREBY ORDERED** that this motion is **GRANTED**. The following Protective Order is entered, <u>as modified by the Court</u> (*see* paragraphs 10, 12).

## PROTECTIVE ORDER

  1. In connection with discovery proceedings in this action, the parties may designate documents as "Confidential" and / or "Attorney's Eyes Only."

  2. Under the terms of this Stipulated Protective Order (hereinafter "Order"), confidential information is information that has not been made public and which concerns or relates to the processes, operations or work of the California Department of Corrections and Rehabilitation and its employees and agents (collectively "CDCR"), the

disclosure of which may have the effect of causing harm or endangering the safety of CDCR staff, inmates, or third persons.

3. By designating a document, thing, material, testimony, or other information derived there from as confidential under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and the "qualified persons" designated below:

    (a) a party, or an employee of CDCR deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b) experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c) court reporters employed in this action;

    (d) a witness at any deposition or other proceeding in this action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the

form of Attachment 1, a copy of which shall be provided forthwith to counsel for each party.

7. The parties may further designate certain discovery material or testimony of a highly confidential nature as "CONFIDENTIAL - - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 4 and 5 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel, and to the qualified persons listed in subparagraphs 6(b) through (e) above), but shall not be disclosed to a party, including Plaintiff, or any other inmate or third person, unless previously agreed or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall apply, including but not limited to, signing and serving a non-disclosure agreement in the form of Attachment 1.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10. **Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.**

11. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of the parties (1) to bring

before the Court the question of whether a particular document or information is confidential or whether its use should be restricted within 45 days of the date of the event giving rise to the dispute **and abiding by the procedures outlined in the Chamber Rules for filing a joint motion for determination of discovery dispute**; or (2) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. The Court may modify the protective order *sua sponte* in the interest of justice or for public policy reasons.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, or the production of any information or documents under the terms of this Order, or any proceedings under this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any document or information, or otherwise altering any existing obligation of any party.

15. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.  Upon termination of this action, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of the same, or shall certify the destruction thereof.

16. Within 30 days of the conclusion of this case, the Court shall make arrangements to return all Confidential and Attorneys' Eyes Only Material filed with the Court to the party who filed such material.  Any action of the Court to return Confidential Material must be preceded by an ex parte motion for an order authorizing the return of all

Confidential and Attorneys' Eyes Only Material to the party that produced the information or documents.

17. Without separate court order, this Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED.**

Dated: June 16, 2021

_/s/ Nita L. Stormes_
Hon. Nita L. Stormes
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANEY SALGADO,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**JON QUICK, individually, et al.,**<br><br>　　　　　　　　　　Defendants. | 3:21-cv-00600-MMA-NLS<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |

I, the undersigned, hereby declare that I have read the attached Stipulated Protective Order ("Order") entered in the above-captioned case. I understand the terms of the Order. I also understand that my execution of this Non-Disclosure Agreement, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as "Confidential-Attorneys' Eyes Only" pursuant to the Order.

I will comply with and agree to be bound by all of the provisions of the Order. I agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, Southern District of California, for the purposes of any proceedings relating to the enforcement of the Order and this Non-Disclosure Agreement.

Dated:_____　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Print Name